Spear, J.
The errors complained of are stated in a number of differing forms, but the substance of all is that the probate court erred in overruling the motion of the sheriff to dismiss the action and remand Evans to his custody to be dealt with according to law, and in ordering him discharged.
*143 Elaborate argument of counsel, both orally and by brief, is directed principally to the question of whether or no Evans had been shown to be a fugitive from the justice of the state of Pennsylvania, and whether or no the documents accompanying the requisition of the governor of Pennsylvania were sufficient in law to justify the issuing of the warrant by the governor of Ohio.
But we are of opinion that a preliminary question arising upon the record should first be considered. That is: Irrespective of the questions above stated, did the probate court, under the pleadings, have power to grant any relief to the petitioner? The question reaches to the jurisdiction of that court of the subject matter. Section 7 of article 4 of the constitution provides for the establishment in each county of a probate court, which shall be a court of record, and the following section provides for its jurisdiction. It “shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, * * * as may be provided by law. ’ ’ The jurisdiction, then, of that court, in habeas corpus rests wholly on the statute law of the state. What is it? Pursuant to this constitutional authority, the general assembly, by the act of February 25,1852 (50 O. L., 84), conferred upon the probate court jurisdiction in allowing and issuing writs of habeas corpus, and that enactment has been continued, although expressed in different language by divers amendments, and is now embodied in section 5727 of the Revised Statutes.
In passing it may be remarked that the right of one state to demand, and the duty of another state *144 to award, extradition of fugitives from justice, rests primarily upon section 2 of article 4 of the constitution of the United States, by which it is provided that “a person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime; ’ ’ also upon the provisions of section 5278, of the laws of the United States which further prescribes the duty and provides for the manner of its exercise. Exclusively under these two sources of power all extradition proceedings in this state were conducted until the enactment, March 23, 1875, of a statute entitled “An act to regulate the practice of the delivery of fugitives from justice when demanded by another state or territory.” That act pointed out the conditions under which the governor of this state should issue his warrant to the sheriff of the county in which such person so charged may be found. The warrant shall command the sheriff to forthwith arrest and bring such person before any judge of the supreme court, or any judge of the court of common pleas in whose district such person so charged may be found, to be examined on the charge. It shall be the duty of the judge before whom the person so arrested is brought to proceed to hear and examine such charge, and upon proof made in such examination by him adjudged sufficient, to commit such person to the jail of the county for a reasonable time and cause notice to be given to the executive making such demand, or his agent appointed to receive the fugitive, and on payment of costs such fugitive shall be delivered to such agent, to be thence removed to the proper place for prosecution. This *145 act was amended by tbe act of February 7, 1885, by designating any judge of the circuit court as one before whom the accused might be taken for examination, but not otherwise changing the substance, and the provision is preserved in the present Revised Statutes as section 97.
This legislation has been held to be constitutional so far as it is in aid of the provisions of the constitution of the United States and the federal statute hereinbefore cited. Ex parte Ammons, 34 Ohio St., 518. What, then, is its effect upon the case before us 1 The command upon the sheriff is imperative. He must take the prisoner before, a judge of the class enumerated in the statute. No other will answer' that requirement. The very language excludes a judge of the probate court from the number. The sheriff is, therefore, in positive disobedience of the strict command of the statute if he take his prisoner before a judge not of the kind enumerated in this statute who may, at his discretion, set the arrested person free and thus absolutely nullify the statute. Plainly, then, if under the general act of 1852, giving jurisdiction to the probate court in habeas corpus that court can step in and arrest the course of procedure peremptorily required by the later statute affecting extradition, we have two statutes apparently in direct conflict. In such situation which should prevail ? We think the rule applicable to the case is free from serious doubt. It is that when such conflict is found to exist the terms of the later special act must be held to embody the latest expressed intent of the law-making body, and must control. To the extent of the repugnancy the earlier act is repealed; there being specific provisions relating to a particular subject, they must govern in respect to that subject, *146 although the words of the earlier general law, standing alone, would be broad enough to include the subject to which the more particular provisions relate. In other words, the later statute creates an exception to the other more general provision. The rule here relied upon is so well established and has been so often recognized by this court, that authorities seem superfluous; yet we cite: Endlich on Interpretation of Statutes, sec. 216; Bishop on the Written Laws, sec. 112a; London, etc., Ry. v. Wandsworth Board, Law Rep., 8 C. P., 185; Townsend v. Little, 109 U. S., 504; The State ex rel. v. Commissioners, 36 Ohio St., 326; The State ex rel. v. McCracken, 51 Ohio St., 123; Cincinnati v. Holmes, 56 Ohio St., 104; Cas Co. v. Tiffin, 59 Ohio St., 420; The State ex rel. v. Halliday, 63 Ohio St., 165; The State ex rel. v. Morris, 63 Ohio St., 496.
The conclusion seems inevitable that, applying the extradition statute to the subject matter, the probate court was without power to control the sheriff in the discharge of a plain statutory duty,.and that as soon as it appeared that the cause of the detention of Evans by the sheriff was the possession and arrest under it of a warrant from the governor of Ohio, ordering such arrest of Evans as a fugitive from justice and that he be taken before one of the judges enumerated in the statute, and this condition appeared conclusively so soon as the reply was filed, the plain and only duty of that court was to dismiss the proceeding, and release to the sheriff the custody of the alleged fugitive. In view of this conclusion it ÍS' not necessary to dispose of the other questions so ably argued by the eminent counsel, and they are not here considered.
*147 The judgments of the courts below will be reversed, with costs, final judgment rendered for plaintiff in error, and the cause remanded with direction to carry the judgment for costs into execution.
Davis, C. J., Shauck, Price, Crew and Summers, JJ., concur.